## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KATHLEEN HUPFAUER, | CIVIL ACTION  1:16-cv-00475 |
| Plaintiff, | |
| v. | COMPLAINT |
| CITIBANK, NATIONAL ASSOCIATION, EQUIFAX INFORMATION SERVICES LLC, and EXPERIAN INFORMATION SOLUTIONS, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

NOW COMES the Plaintiff, KATHLEEN HUPFAUER ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendants, CITIBANK, NATIONAL ASSOCIATION ("Citi"), EQUIFAX INFORMATION SERVICES, INC. ("Equifax"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), (collectively "Defendants")  as follows:

### NATURE OF THE ACTION

1.  This is an action by a consumer seeking actual, statutory, and punitive damages, attorney's fees, and costs for Defendants' violations of the Fair Credit Reporting Act ("FCRA").

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681 (FCRA) and 28 U.S.C. §§1331, 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and Defendant's conduct harmed Plaintiff in this District.

1

**PARTIES**

4.  Plaintiff is a natural person who resides in the Northern District of Illinois. Plaintiff is a consumer within the meaning of the FCRA as defined by 15 U.S.C. §1681a(c) and (b).

**EQUIFAX**

5.  Equifax is a corporation incorporated in the state of Georgia and is authorized to do business in the State of Illinois, and is registered with the Illinois Secretary of State with a registered agent located in Illinois.

6.  Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined by 15 U.S.C. §1681a(p).

7.  Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

**EXPERIAN**

8.  Experian is a corporation incorporated in the state of Ohio and is authorized to do business in the State of Illinois, and is registered with the Illinois Secretary of State with a registered agent located in Illinois.

9.  Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined by 15 U.S.C. §1681a(p).

10. Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

**CITI**

11. Citi is a South Dakota corporation with its principal place of business at 701 East 60th Street North, Sioux Falls, South Dakota 57104. Citi is a National Banking Association that conducts business all over the United States, including the State of Illinois.

12. Citi is a furnisher of information to the major credit reporting agencies, including Equifax and Experian.

**BANKRUPTCY CASE**

13. On October 20, 2013, Plaintiff secured a mortgage loan from Citi ("subject debt" or "subject loan") for the purchase of the property located at 3306 Sangamon Street, Steger, Illinois 60475.

14. Plaintiff subsequently defaulted on the subject loan.

15. On October 29, 2013, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 13-42324 ("bankruptcy"). *See* Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

16. At all times relevant, prior to and during Plaintiff's bankruptcy and bankruptcy discharge, Citi owned and serviced the subject loan.

17. Schedule D of the bankruptcy petition listed the subject loan, a secured pre-petition debt to Citi in the amount of $104,577.00. Equifax and Experian were also listed on Schedule F of the bankruptcy petition for notice purposes. *See* Exhibit B, true and correct copies of Schedule D and F filed in Plaintiff's bankruptcy case.

18. On October 30, 2013, Plaintiff filed her Original Chapter 13 Plan ("Original Plan"). *See* Exhibit C, a true and correct copy of Plaintiff's Original Plan and a copy of the BNC Certificate of Notice establishing service of the notice of filing and Original Plan upon Defendants.

19. Plaintiff's Original Plan proposed to treat Citi's claim as follows:

"Debtor is surrendering the real property located at 3306 Sangamon Street, Steger, Illinois to CitiMortgage, Inc., in full satisfaction of its claims." *Id.* at p. 5.

20. On October 30, 2013, by virtue of listing Citi as a secured creditor and Equifax and Experian for notice purposes, the Bankruptcy Noticing Center ("BNC") served Defendants with Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines. *See* Exhibit D, a true and correct copy of the BNC Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines upon Defendants.

21. On December 16, 2013, the 341 Meeting of Creditors was held with the Chapter 13 Trustee. No representative or attorney from Citi appeared at the 341 Meeting of Creditors.

22. On January 21, 2014, Citi, through its counsel, Pierce & Associates, P.C., filed its Motion for Relief From Automatic Stay in Plaintiff's bankruptcy case so that it could proceed with the foreclosure of the subject property. The Motion acknowledged Plaintiff's intent to surrender the subject property. *See* Exhibit E, a true and correct copy of Citi's Motion to Modify the Automatic Stay filed in Plaintiff's bankruptcy case.

23. On January 30, 2014, the Bankruptcy Court granted Citi's Motion, permitting Citi to proceed with the foreclosure of the subject property. *See* Exhibit F, a true and correct copy of the Order Modifying the Automatic Stay in Plaintiff's bankruptcy case.

24. On January 30, 2014, the Original Chapter 13 Plan was confirmed by the Honorable Janet S. Baer. *See* Exhibit G, a true and correct copy of the Confirmation Order.

25. On December 16, 2014, the Bankruptcy Court entered an Order of Discharge in Plaintiff's case discharging all dischargeable debts, including the subject loan. BNC served Defendants with the Order of Discharge *See* Exhibit H, a true and correct copy of the Order of Discharge.

4

26. The Order of Discharge expressly states:

> "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor...." *Id.* at p. 2.

27. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject debt by Citi or any of its successors and assigns.

28. Plaintiff fully performed her duties as set forth in her confirmed Original Chapter 13 Plan.

29. On March 9, 2015, Plaintiff's bankruptcy case was closed.

30. Plaintiff's personal liability on the subject loan was extinguished by virtue of the bankruptcy discharge, thus dissolving and terminating the business relationship with Citi and its successors and assigns.

## CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTES

31. Because the Chapter 13 discharge "eliminates a debtor's legal obligation to pay," the credit reporting industry standards for reporting accounts discharged through Chapter 13 bankruptcy require reporting a balance and past due amount of zero. *See* Exhibit I, a true and correct copy of "Frequently Asked Questions and Answers 28," excerpted from the 2011 Consumer Data Industry Association's ("CDIA") Credit Reporting Resource Guide.

32. After receiving her discharge, Plaintiff pulled her Equifax and Experian credit reports and discovered that her consumer credit files did not reflect the discharged status of the Citi account.

33. As of the date of this Complaint, Citi continues to report negative information to Equifax in reference to the subject loan by listing a monthly payment amount of $988.00 and also by

stating that the subject debt was included in a wage earner plan. *See* Exhibit J, a true and correct copy of Plaintiff's Equifax "3-in-1" credit report listing information from Equifax, Experian, and Transunion.

34. As of the date of this Complaint, Citi continues to report negative information to Experian in reference to the subject loan by listing a monthly payment amount of $988.00 and also by stating that the subject debt was included in a wage earner plan. *Id*.

35. The Experian report also designates the subject loan as in foreclosure without reflecting Plaintiff's discharge.

### a. **Plaintiff's Dispute Letters to Equifax**

36. On February 3, 2015, after the subject debt was discharged, Plaintiff sent a general credit dispute letter to Equifax, requesting that her credit file be updated to reflect a monthly payment of "0" and discharged status of all accounts discharged in her Chapter 13 bankruptcy. Plaintiff attached the relevant bankruptcy documents to her dispute: her bankruptcy schedules, Confirmed Plan, and Discharge Order.  *See* Exhibit K, a true and correct copy of Plaintiff's general dispute letter to Equifax and proof of mailing.

37. Plaintiff sent her general dispute letter to Equifax via certified mail, return-receipt requested. *Id.*

38. Citi received notice of Plaintiff's general dispute from Equifax within 5 days of Equifax receiving Plaintiff's dispute.

39. On November 2, 2015, after the subject debt was discharged, Plaintiff sent a specific credit dispute letter to Equifax, requesting that her credit file, specifically as it pertains to the inaccurate Citi reporting, be updated to reflect a monthly payment of "0" and discharged status of all accounts discharged in her Chapter 13 bankruptcy. Plaintiff attached the relevant

bankruptcy documents to her dispute: her bankruptcy schedules, Confirmed Plan, and Discharge Order. *See* Exhibit L, a true and correct copy of Plaintiff's specific dispute letter to Equifax and proof of mailing.

40. Plaintiff sent her specific dispute letter to Equifax via certified mail, return-receipt requested. *Id.*

41. Citi received notice of Plaintiff's specific dispute from Equifax within 5 days of Equifax receiving Plaintiff's dispute.

**b. Equifax's Responses to Plaintiff's Dispute Letters**

42. On February 16, 2015, Equifax responded to Plaintiff's general dispute letter and a monthly payment amount of $988.00 was still reporting under the Citi trade line. The trade line also reflected that Plaintiff's debt was included in a wage earner plan, not discharged. It further listed a first reported delinquency date of September 2013. This is inaccurate because it post-dates the filing of Plaintiff's bankruptcy, when the automatic stay took effect. *See* Exhibit M, a true and correct copy of Equifax's February 16, 2015 response and credit report submitted by Equifax to Plaintiff.

43. On November 9, 2015, Equifax responded to Plaintiff's dispute letter by completely deleting the Citi trade line. *See* Exhibit N, a true and correct copy of Equifax's November 9, 2015 response and credit report submitted by Equifax to Plaintiff.

44. The CDIA instructs creditors and credit reporting agencies that the "DA" status code, which signifies to "delete entire account (for reasons other than fraud)" should be limited "in order to maintain the integrity of credit information." *See* Exhibit I.

### c. **Plaintiff's Dispute Letter to Experian**

45. On February 3, 2015, after the subject debt to Citi was discharged, Plaintiff sent a credit dispute letter to Experian, requesting that her credit file be updated to reflect the zero balance and discharged status of all accounts discharged in her Chapter 13 bankruptcy. Plaintiff attached the relevant bankruptcy documents to her dispute; namely her bankruptcy schedules, Confirmed Plan, and Discharge Order. *See* Exhibit O, a true and correct copy of Plaintiff's dispute letter to Experian and proof of mailing.

46. On February 19, 2015, Experian responded to Plaintiff's dispute letter by stating that Experian required updated identification listing Plaintiff's current address since she moved out of the subject property. *See* Exhibit P, a true and correct copy of Experian's February 19, 2015 correspondence sent to Plaintiff.

47. Plaintiff followed up with Experian and re-sent the required identification.

48. On May 26, 2015, Experian sent Plaintiff an investigation report listing the Citi account as 150 days past due in February 2014 and 180 days past due in March 2014. *See* Exhibit Q, a true and correct copy of the May 26, 2015 Experian investigation report.

49. The May 26, 2015 investigation report also listed the Citi account's status as in foreclosure rather than properly listing the status as included and discharged in bankruptcy. *Id.*

### PLAINTIFF'S CONTINUED HARM CAUSED BY INACCURATE CREDIT REPORTING

50. Plaintiff filed her Chapter 13 bankruptcy over two years ago, seeking a fresh start in life. Since then, Plaintiff has taken diligent steps to rebuild her credit.

51. Defendants' inaccurate credit reporting has thwarted Plaintiff's efforts to obtain new credit and rebuild her creditworthiness after her bankruptcy discharge.

52. Due to Defendants' inaccurate credit reporting, Plaintiff will pay more for the extension of credit, homeowner's/renter's insurance, auto insurance, among others.

53. As a result of the conduct, actions, and inaction of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line credit, the loss of time and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with her attorneys, tracking the status of her disputes, and monitoring her credit file, and the mental and emotional pain, anguish, and humiliation.

54. Citi deliberately reported inaccurate information to the CRAs as a means to coerce Plaintiff into paying the discharged subject debt because Citi knew that the inaccurate reporting of the subject loan will have a significant impact on Plaintiff's ability to obtain credit.

55. Equifax and Experian also knew that the subject debt was discharged, but continued to report the inaccurate information provided by Citi.

56. The ongoing refusal of Citi to correct the inaccurate information, along with CRAs' reporting of the same, amounts to willful conduct in violation of the FCRA.

## COUNT I - VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (AGAINST CITI)

57. Plaintiff restates and realleges paragraphs 1 through 56 as though fully set forth herein.

58. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

59. Citi is a "person" as defined by 15 U.S.C. §1681a(b).

60. Citi is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

61. Citi violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation and reinvestigation from Experian, Equifax, and Plaintiff.

62. Citi violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax, Experian, and Plaintiff.

63. Had Citi reviewed the information provided by Equifax, Experian, and Plaintiff, it would have corrected the inaccurate designation of the subject loan and transmitted the correct information to Equifax and Experian. Instead, Citi wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

64. Citi violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information on Plaintiff's file.

65. Citi violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's disputes with Equifax and Experian.

66. Citi violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax and Experian after being put on notice and discovering inaccurate reporting with respect to the subject loan.

67. Citi failed to conduct a reasonable reinvestigation of its reporting of the subject loan, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of a dispute from Equifax and Experian under 15 U.S.C. §1681i(a)(1).

68. Citi violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

69. Despite the blatantly obvious errors on Plaintiff's credit file, and Plaintiff's efforts to correct the errors, Citi did not correct the errors or trade line to report accurately. Instead, Citi wrongfully furnished and re-furnished false and erroneous information that the subject loan was delinquent and owing.

70. A reasonable investigation by Citi would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information continues to be reported on Plaintiff' credit files.

71. Had Citi taken steps to investigate Plaintiff's valid disputes or the requests for investigation from Equifax and Experian, it would have permanently corrected the erroneous credit reporting. Plaintiff provided all relevant information in his request for investigation. Furthermore, Plaintiff's bankruptcy information is public record that is widely available and easily accessible.

72. By deviating from the standards established by the mortgage servicing industry and the FCRA, Citi acted with reckless and wanton disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

WHEREFORE, Plaintiff KATHLEEN HUPFAUER requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Order the deletion or modification of all adverse credit reporting relating to the subject loans;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations;
d. Award Plaintiff statutory damages of $1,000.00 for violations of the FCRA, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
f. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

11

## Count II - Violation of the Fair Credit Reporting Act
### (Against Equifax)

73.    Plaintiff restates and realleges paragraphs 1 through 56 as though fully set forth herein.

74.    Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

75.    Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

76.    Plaintiff provided Equifax with all relevant information and documentation in her request for investigation and reinvestigation to reflect that she obtained a discharge and is no longer liable for the subject loan.

77.    Equifax prepared Plaintiff's credit reports containing inaccurate information by completely deleting the Citi trade line in the investigation report and then reporting the subject loan with a scheduled payment amount, when in fact she had received a bankruptcy discharge and was not obligated to make monthly payments in relation to the subject loan.

78.    A simple review of the documents submitted by Plaintiff would have confirmed that Plaintiff had filed bankruptcy, no longer owed a balance, no longer had a scheduled payment amount, and was not in default on the subject loan.

79.    Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the erroneous information on Plaintiff's credit file.

80.    Had Equifax taken *any* steps to investigate Plaintiff's valid disputes, it would have determined that the subject loan was discharged in bankruptcy.

81.    Instead, Equifax sent Plaintiff a correspondence stating that it had updated its records to reflect Plaintiff's bankruptcy discharge, at the same time that it willfully deleted the entire Citi trade line rather than restoring it to its true status.

82.    Equifax deliberately removed the Citi trade line from the report in violation of federal law.

83.    Equifax violated 15 U.S.C. §1681i(a)(2) by failing to record all relevant information that it received from Citi and Plaintiff with regard to Plaintiff's credit report and the subject debt.

84.    Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Citi with regard to the subject loan.

85.    Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's dispute.

86.    Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Citi that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff. The lack of notice and correction caused Plaintiff to pull her credit multiple times, only to find that the inaccurate reporting remained. The multiple necessary inquiries had a continued negative impact on Plaintiff's credit worthiness and credit score.

87.    Moreover, after Plaintiff's written disputes, Equifax had specific information related to Plaintiff's bankruptcy case and subsequent discharge as Plaintiff provided her Discharge Order along with her written dispute.

88.    Equifax knew that including a scheduled monthly payment amount in Plaintiff's credit report under the Citi trade line after her bankruptcy discharge would have a significant adverse affect on Plaintiff's credit worthiness and ability to receive a "fresh start" after bankruptcy.

89. The FCRA requires that the credit reporting bureaus implement procedures and systems to promote accurate credit reporting.

90. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with reckless disregard for its duty to report accurate and complete consumer credit information.

91. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

92. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting Plaintiff's credit information.

93. Equifax acted reprehensively by reporting that Plaintiff owed monthly payments to Citi.

94. As a result of the conduct, actions, and inaction of Equifax, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of ability to purchase and benefit from a credit line, certified mail expenses, other frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, and the mental and emotional pain and suffering, anguish, humiliation, and embarrassment of constant credit denials.

95. Equifax's conduct was willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Plaintiff KATHLEEN HUPFAUER requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Order the deletion of all adverse credit reporting;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III - VIOLATION OF THE FAIR CREDIT REPORTING ACT
#### (AGAINST EXPERIAN)

96.     Plaintiff restates and realleges paragraphs 1 through 56 as though fully set forth herein.

97.     Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

98.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

99.     Plaintiff provided Experian with all relevant information and documentation in her request for investigation and reinvestigation to reflect that she obtained a discharge and is no longer liable for the subject loan.

100.    Experian prepared Plaintiff's credit reports containing inaccurate information by reporting delinquencies of 150 and 180 days after the bankruptcy filing then reporting the subject loan with a scheduled payment amount, when in fact she had received a bankruptcy discharge and was not obligated to make monthly payments in relation to the subject loan.

15

101.  A simple review of the documents submitted by Plaintiff would have confirmed that Plaintiff had filed bankruptcy, no longer owed a balance, no longer had a scheduled payment amount, and was not in default on the subject loan.

102.  Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the erroneous information on Plaintiff's credit file.

103.  Had Experian taken *any* steps to investigate Plaintiff's valid disputes, it would have determined that the subject loan was discharged in bankruptcy.

104.  Instead, Experian sent Plaintiff a correspondence stating that it had updated its records to reflect Plaintiff's bankruptcy discharge, at the same time that it willfully continued to report the inaccurate information.

105.  Experian violated 15 U.S.C. §1681i(a)(2) by failing to record all relevant information that it received from Citi and Plaintiff with regard to Plaintiff's credit report and the subject debt.

106.  Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Citi with regard to the subject loan.

107.  Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's dispute.

108.  Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Citi that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff. The lack of notice and correction caused Plaintiff to pull her credit multiple times, only to find that the inaccurate reporting remained. The multiple necessary inquiries had a continued negative impact on Plaintiff's credit worthiness and credit score.

109.  Moreover, after Plaintiff's written disputes, Experian had specific information related to Plaintiff's bankruptcy case and subsequent discharge as Plaintiff provided her Discharge Order along with her written dispute.

110.  Experian knew that including a scheduled monthly payment amount in Plaintiff's credit report under the Citi trade line after her bankruptcy discharge would have a significant adverse effect on Plaintiff's creditworthiness and ability to receive a "fresh start" after bankruptcy. It also knew that failing to report her bankruptcy discharge would have an adverse effect on Plaintiff's creditworthiness.

111.  The FCRA requires that the credit reporting bureaus implement procedures and systems to promote accurate credit reporting.

112.  By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with reckless disregard for its duty to report accurate and complete consumer credit information.

113.  It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

114.  Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting Plaintiff's credit information.

115.  Experian acted reprehensively by reporting that Plaintiff owed monthly payments to Citi.

116.  As a result of the conduct, actions, and inaction of Experian, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of

17

ability to purchase and benefit from a credit line, certified mail expenses, other frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, and the mental and emotional pain and suffering, anguish, humiliation, and embarrassment of constant credit denials.

117. Experian's conduct was willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Plaintiff KATHLEEN HUPFAUER requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Order the deletion of all adverse credit reporting;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: January 13, 2016

Respectfully Submitted,

/s/ Matthew H. Hector

Matthew H. Hector ARDC#6283058
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
mhector@sulaimanlaw.com

18