IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN HUPFAUER,<br><br>        Plaintiff,<br><br>    v.<br><br>CITIBANK, N.A.; EQUIFAX INFORMATION SERVICES, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>        Defendants. | Case No. 1:16-cv-00475<br><br>Hon. Ruben Castillo |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

Defendant Experian Information Solutions, Inc. ("Experian") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the Complaint.

## INTRODUCTION

Plaintiff is attempting to rewrite historical facts through litigation. More than that, her counsel (who have filed dozens of cookie-cutter actions like this one) are trying to hold a credit bureau liable for reporting accurate historical information that Plaintiff wants erased. But Plaintiff filed for bankruptcy and, though she gets the benefit of a discharge, she does not get to rewrite history. Nor does the Fair Credit Reporting Act ("FCRA") entitle her to money from credit bureaus for simply reporting that she did not pay her creditors in the recent past (a historical truth), so long as the credit bureau correctly noted the bankruptcy in the consumer's credit file (which Experian did here). There is simply no basis for a claim against Experian.

Undeterred, Plaintiff filed a federal action, baldly claiming that Experian willfully violated the FCRA by reporting that, prior to receiving a discharge in bankruptcy, Plaintiff stopped paying on her home mortgage, defaulted on the loan, and had her home foreclosed upon.

Plaintiff's theory is that once she received a later bankruptcy discharge, all of the accurate historical information about events before the discharge suddenly become factually inaccurate. But that is not the law—filing bankruptcy does not erase your past. As explained below, because Plaintiff has failed to plausibly allege that Experian furnished an inaccurate credit report about her, Plaintiff has failed to state a claim against Experian and this Court should dismiss her Complaint.

## BACKGROUND

**I.     THE FAIR CREDIT REPORTING ACT.**

This case arises under the Fair Credit Reporting Act ("FCRA") and involves Experian's reporting of Plaintiff's credit information following her Chapter 13 bankruptcy case. The FCRA seeks "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Among other things, the FCRA requires "consumer reporting agencies" ("CRAs") like Experian to have "reasonable procedures to assure maximum possible accuracy" of information in "consumer reports," *see* 15 U.S.C. § 1681e(b), and to reasonably reinvestigate consumer disputes about the accuracy of information they maintain, *see id.* § 1681i(a). The FCRA addresses how a CRA should report bankruptcies, limiting the period after a discharge in which a bankruptcy can appear on a consumer report, requiring the reporting of the specific chapter under which bankruptcy protection was sought and certain disposition information. *See id.* § 1681c(a)(1); 1681c(d)(1). The FCRA provides consumers a private right of action to recover for willful or negligent violations of the statute. *Id.* §§ 1681n, 1681o.

## II. FACTUAL ALLEGATIONS.

### A. The Parties.

Plaintiff is a "consumer" as that term is defined in the FCRA. (Compl. ¶ 4.) In October 2003, Plaintiff obtained a mortgage from Citibank, N.A. ("Citi") to purchase property in Steger, Illinois (the "Property")[1]. (*Id.* ¶ 14.) Defendant Experian Information Solutions ("Experian") is a "consumer reporting agency" subject to the FCRA. (*Id.* ¶ 9.) As one of the nation's largest CRAs, Experian collects consumer credit information from various sources, organizes and stores the information, and then makes it available to authorized third parties, like lenders. (*Id.* ¶ 10.)

### B. Plaintiff's Chapter 13 Bankruptcy and Foreclosure.

On October 29, 2013, after defaulting on her mortgage, Plaintiff filed for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the Northern District of Illinois. (*Id.* ¶¶ 14-15.) Plaintiff's Chapter 13 Plan proposed to surrender the Property "in full satisfaction" of Citi's claims. (*Id.* ¶ 19.) On January 21, 2014, Citi moved to modify the automatic stay to foreclose on the Property. (*Id.* ¶ 22.) Citi's motion was granted on January 30, 2014. (*Id.* ¶ 23.) The court confirmed Plaintiff's proposed Chapter 13 Plan that same day. (*Id.* ¶ 24.)

On April 18, 2014, Citi initiated foreclosure proceedings against the Property in the Circuit Court of Cook County. (*See* Ex. 1, docket and selected filings in *Citimortgage v. Hupfauer,* No. 2014-CH-06738 (Ill. Cir. Ct., Ch. Div. Apr. 18, 2014).)[2] Citi obtained a judgment of foreclosure on August 5, 2014 and a judicial sale took place on December 1, 2015. (*See* Ex. 1, at 12, 20-21.) The court confirmed the sale on January 26, 2015 and entered an *in rem* deficiency judgment against the property for $31, 362.10. (Ex. 1 at 23.)

---

[1] The Complaint alleges that Plaintiff's mortgage on the Property originated on October 20, 2013 which is apparently a typographical error. (*See* Ex. 1, at 8 (listing "10/14/2003" as date of mortgage).)

[2] For clarity, Experian labels this exhibit numerically; exhibits labeled alphabetically refer to Plaintiff's exhibits attached to her Complaint.

3

On December 16, 2014, in the ongoing bankruptcy case, the court entered an Order of Discharge, which did not list any specific debts. (Compl. ¶ 25.) Plaintiff alleges the conclusion that she "fully performed her duties [under] her confirmed Original Chapter 13 Plan." (*Id.* ¶ 28.)

### C. Experian's Credit Reporting and Plaintiff's Dispute.

Sometime after discharge, Plaintiff alleges that she "pulled her [Experian] credit report[] and discovered that her consumer credit file did not reflect the discharged status of the Citi account."[3] (*Id.* ¶ 32.) On February 3, 2015, Plaintiff sent Experian a letter requesting "that her credit file be updated to reflect the zero balance and discharged status of all accounts discharged in her Chapter 13 bankruptcy." (*Id.* ¶ 45.) Her letter did not identify any specific inaccuracies or accounts to be updated, only referring generally to attached documents. (*See id.*, Ex. J at 5.)

Experian responded on May 26, 2015,[4] sending Plaintiff a copy of a document she calls an "investigation report." (Compl. ¶ 48 & Ex. Q.) Plaintiff alleges that the report shows "the Citi account as 150 days past due in February 2014 and 180 days past due in March 2014." (*Id.* ¶ 48.) Plaintiff further alleges that "the report also listed the Citi account's status as in foreclosure rather than properly listing the status as included and discharged in bankruptcy." (*Id.* ¶ 49.)

### III. PLAINTIFF'S LEGAL CLAIMS AND ALLEGATIONS AGAINST EXPERIAN.

Plaintiff filed this action on January 13, 2016. In her Complaint, Plaintiff brings claims under against Experian for willful and negligent non-compliance with Section 1681i(a), the FCRA's reinvestigation provision. *See* 15 U.S.C. § 1681i(a). Though Plaintiff makes several

---

[3] The Complaint does not say how Plaintiff "pulled" her credit report, but Exhibit J to the Complaint suggests that Plaintiff purchased a "3-in-1" report from Equifax. (*See* Compl. ¶ 33.)

[4] For background, though not pertinent here, Plaintiff alleges that Experian responded on February 19, 2015, by requesting that Plaintiff by requesting that Plaintiff provide further identification documents, as the address included in her dispute letter had not been previously reported to Experian. (Compl. ¶ 46 & Ex. P.) Plaintiff alleges that sometime later she provided Experian the required identification documents. (*Id.* ¶ 47.)

claims under Section 1681i(a),[5] each of her claims depend on the same underlying alleged inaccuracies on her Experian "credit reports," namely:

a) that a $988 monthly payment is listed following her discharge (Compl. ¶¶ 34; 100);

b) that her Citi account is reported as "included in a wage earner plan" (*id.* ¶ 34);

c) that her Citi account was reporting "as in foreclosure without reflecting Plaintiff's discharge" (*id.* ¶ 35); and

d) that the Citi account showed "delinquencies of 150 and 180 days after the bankruptcy filing" (*id.* ¶ 100).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires the Court to dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). As the Supreme Court has made clear, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]").

While courts must accept the well-pleaded facts in the complaint as true, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Engel v. Buchan*, 710 F.3d 698, 709 (7th Cir. 2013) (internal quotations omitted). "For a claim to be plausible, the plaintiff must put forth enough 'facts to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Smith v. LexisNexis*, No. 12-cv-8872, 2013 WL 2251771, at *2 (N.D. Ill. May 22, 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

---

[5] (*See* Compl. ¶¶ 102-108 (alleging various violations of §§ 1681i(a)(1)-(2), (4)-(5).)

On a Rule 12(b)(6) motion, the Court may consider "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *See Geinosky v. City of Chicago*, 675 F.3d 743, 745, n.1 (7th Cir. 2012). "[T]he Court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Scott v. Bender*, 893 F. Supp. 2d 963, 971 (N.D. Ill. 2012). "The reason for allowing courts to consider such records is 'to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the 12(b)(6) standard.'" *Facebook, Inc. v. Teachbook.com LLC*, 819 F. Supp. 2d 764, 771 (N.D. Ill. 2011) (quoting *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1083 (7th Cir. 1997)).

## ARGUMENT

Plaintiff is attempting to leverage the Bankruptcy Code to rewrite history by using her bankruptcy discharge to erase the historical facts of non-payment, default, and foreclosure, which were reported to Experian by Plaintiff's lenders before the discharge. Though she brings claims under the FCRA's reinvestigation provision, it is clear that her issue is not the reasonableness of Experian's reinvestigation of her dispute, but the continued reporting of pre-discharge information.

Plaintiff struggles to articulate what exactly is inaccurate in her Experian report. Indeed, some of the alleged inaccuracies do not even appear on Plaintiff's supporting exhibits. Those that remain do not support a claim against Experian. Even if Plaintiff could plead an inaccuracy (and she cannot, as a matter of law), her claims would still fail because she does not allege that any disclosure of the alleged inaccuracy to a third party. In short, Plaintiff's Complaint is defective and should be dismissed with prejudice for failure to state a claim.

**I.      THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO PLEAD THE ELEMENT OF INACCURACY.**

Plaintiff alleges that Experian has violated the FCRA because four inaccuracies remain on her credit report despite her dispute. Plaintiff alleges that a monthly payment on her Citi account remains despite her bankruptcy discharge, that her Citi account is listed as included in a wager-earner plan, that her Citi account is listed as foreclosed instead of discharged, and that her Citi account includes delinquencies despite her bankruptcy filing. None of these alleged inaccuracies can sustain Plaintiff's claims. Initially, based on her own supporting exhibits, neither the monthly payment nor wage-earner plan allegations actually appear on Plaintiff's Experian credit report, so cannot be the basis of her claim. The remaining two alleged inaccuracies are simply not inaccurate as a matter of law. Citi foreclosed on the Property as reported and Plaintiff was past due in February and March 2014 as reported. Neither Plaintiff's bankruptcy filing nor her discharge erase her pre-discharge foreclosure and delinquencies. Experian's reporting was accurate as a matter of law, defeating Plaintiff's attempt at liability.

**A.      The Requirement of Inaccurate Information.**

An essential element of Plaintiff's claims is the existence of an inaccuracy, without one, her claims fail at the outset. Specifically, to state a claim under Section 1681i(a), Plaintiff must show: "(1) inaccurate information was included in [her] consumer credit reports; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures . . . ; (3) [she] suffered injury; and (4) the injury was caused by the inclusion of the inaccurate entry." *Moline v. Experian Info. Sols., Inc.*, 289 F. Supp. 2d 956, 958 (N.D. Ill. 2003) (granting summary judgment on a §1681i(a) claim after finding that the credit report was accurate as a matter of law) (quoting *Zahran v. Transunion Corp.*, No. 01-cv-1700, 2003 WL 1733561, at *3 (N.D. Ill. Mar. 28, 2003), *see also Johnson v. Trans Union, LLC*, 524 F. App'x 268, 271 (7th Cir.

7

2013) (affirming summary judgment under § 1681i(a) where the plaintiff offered "no competent evidence" of inaccurate reporting) .

  **B.**  **Experian's Alleged Reporting of the Citi Account Does Not Include a Post-Discharge Monthly Payment or the Phrase "Wage Earner Plan."**

As an initial matter, the Court should dismiss two bases of Plaintiff's claims as neither is actually included in her Experian credit report as confirmed by a review of the exhibits. Plaintiff alleges a $988 monthly payment is continuing to report after her bankruptcy discharge and that her Experian report lists the Citi account as in a "wage earner plan." (Compl. ¶¶ 33-34.) A simple review of Plaintiff's supporting exhibits shows that neither allegation is substantiated and cannot support the Complaint.

In deciding a motion to dismiss under Rule 12(b)(6), this Court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim. . . ." *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989). "When an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). Here, Plaintiff relies on two exhibits to support her allegations, both of which flatly contradict Plaintiff's descriptions.

First, Plaintiff's allegations are belied by Exhibit J, the "3-in-1" report that she claims first made her aware of Experian's inaccurate reporting. (*See* Compl. ¶ 33.) Under the Experian column, the document plainly displays no monthly payment information and the phrase "wage earner plan" is likewise absent:



Second, in Exhibit Q, Plaintiff's May 2015 Experian report, there is no payment history, account balance, or scheduled payment appearing after her December 2014 discharge despite Plaintiff's allegations to the contrary:

Third, to the extent Plaintiff's allegations rely on an implication that Experian was not reporting her bankruptcy discharge at all, that implication is contradicted by the fact that Plaintiff's December 2014 discharge is the very first entry on her May 2015 report:

9



To summarize, as confirmed by the Exhibits to the Complaint, Experian was reporting 1) the Plaintiff's chapter 13 bankruptcy was discharged in December 2014, and 2) the Citi mortgage was foreclosed in December 2014 with no current balance or payment due. Experian was not reporting *any* information on the Citi account after the December 2014 discharge.

Accordingly, Plaintiff's claims based on a post-discharge monthly payment or the appearance of the phrase "wage earner plan" should be dismissed.

**C.  Experian's Reporting of the Plaintiff's Delinquencies and Foreclosure are Accurate as a Matter of Law.**

Once the inaccuracies that do not actually appear in Plaintiff's Exhibits are removed, what remains is an entirely accurate picture of Plaintiff's credit file. Plaintiff alleges that her discharge somehow makes this reporting inaccurate, but that view is not supported by the Bankruptcy Code or case law.

**1.  The Citi Account Was Past Due in February and March 2014 and Foreclosed in December 2014, All Before the Bankruptcy Discharge.**

Plaintiff alleges that Experian was inaccurately reporting the Citi account as delinquent in February and March 2014, and as foreclosed instead of discharged. (Compl. ¶¶ 35, 100.) While these alleged inaccuracies appear on her Experian report, based only on her pleadings and the public record, Plaintiff cannot seriously contend that they are factually inaccurate.

10

First, Plaintiff cannot plausibly allege that she made any payments within 150 or 180 days of February or March 2014, after all she admits defaulting on her mortgage by October 2013. (Compl. ¶ 14.) Plaintiff's own Chapter 13 plan did not include any payments to Citi. (Ex. C at 2.) In fact, the uncontested filings in Citi's foreclosure case indicate that Plaintiff had not made a mortgage payment since at least October 1, 2013. (Ex. 1 at 9.)

Second, Plaintiff cannot plausibly deny that her mortgage was foreclosed prior to her discharge in December 2014. Plaintiff makes clear that prior to filing bankruptcy, she was in default on her mortgage with Citi. (Compl. ¶14.) Plaintiff also alleges that, even before her Plan was confirmed, Citi had sought to relief from the automatic stay in order to foreclose on the Property. (*Id*. ¶¶ 22-23.) Moreover, this Court can take judicial notice of the Cook County Chancery Court's docket, which shows that on April 18, 2014, Citibank filed suit to foreclosure on the Property. (Ex. 1.) Judicial notice is appropriate here because it shows that Experian's reporting is accurate, and that Plaintiff "cannot satisfy the 12(b)(6) standard." *See Facebook*, 819 F. Supp. 2d at 771. The public record reveals that on August 5, 2014 a judgment of foreclosure was entered, and on December 1, 2014 a judicial sale was held. (Ex. 1 at 12, 20-21.)

In short, based only on Plaintiff's own pleading and available public records, Experian's reporting of the Citi account as past due in February and March 2014 and as foreclosed in December 2014, is accurate. Plaintiff has not – and cannot – plausibly allege to the contrary.

### 2. Plaintiff's December 2014 Discharge Does Not Render Experian's Factually Accurate Reporting Inaccurate.

Plaintiff cannot seriously contest the factual accuracy of Experian's reporting. Instead, the gravamen of her claim is that reporting the facts of her non-payment and Citi's foreclosure was inaccurate "when in fact she had received a bankruptcy discharge and was not obligated to make monthly payments in relation to the subject loan," (Compl. ¶100) and "designates the

11

subject loan as in foreclosure without reflecting Plaintiff's discharge." (Compl. ¶ 35.) Because Plaintiff's Experian credit file does not include any post-discharge information, this allegation amounts to a claim that her December 2014 discharge requires Experian to delete the factually accurate details of Plaintiff's default, non-payment, and foreclosure. This claim has no basis in law and should be dismissed.

The Federal Trade Commission's ("FTC") guidance specifically allows reporting of delinquent accounts "even those discharged in bankruptcy" so long as the account "reports a zero balance to reflect the fact that the consumer is no longer liable for the discharged debt." *See* Federal Trade Commission, *40 Years of Experience with the Fair Credit Reporting Act, an FTC Report with Summary of Interpretations* (July 2011), pp. 55-56, 68.[6] Another court in this district recently relied on the FTC's guidance and dismissed a case similar to Plaintiff's filed by the same counsel, holding that reporting pre-discharge delinquencies is not an FCRA violation where the debtor's bankruptcy discharge was also included on the first page of the credit report. *See Connor v. JP Morgan Chase Bank, N.A., et al.*, No. 15-cv-8601, Dkt. 37 (Mar. 22, 2016 N.D. Ill.) (J. Kendall) ("It is entirely unclear why the Court should disregard the first page of the report, which states that '[t]his bankruptcy is currently reporting as discharged.'. . . the report itself makes clear that both the balance amount and the amount past due are $0 . . . consistent with the [FCRA].").[7]

Other courts to consider the impact of a bankruptcy discharge on credit reporting, have explained:

---

[6] The Federal Trade Commission's report is available at https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf).

[7] For convenience, the Order in *Connor* is attached hereto as Exhibit 2.

12

> A discharge does not "pay off" a prior debt, nor change the *historic* fact of an unpaid debt. A bankruptcy discharge does not change an unpaid debt into a "paid" one. . . a creditor's derogatory remarks, to its credit bureaus, is not inaccurate if what it is reporting are simply the *facts* of non-payment and prior delinquencies . . . this court cannot order creditors, or credit reporting agencies, to change their historic payment records of a debtor's accounts from "unpaid" to "paid."

*In re O'Connell*, No. 05-bk-7616, 2008 WL 5046496 (Bankr. D. Ariz. Oct. 29, 2008) (denying a motion requiring creditors and credit reporting agencies to report "no balance due" while chapter 7 bankruptcy was pending). Other courts have also rejected the idea that a bankruptcy discharge renders pre-discharge delinquencies inaccurate. *See, e.g.*, *Mortimer v. Bank of Am., N.A.*, No. C-12-01959 JCS, 2013 WL 1501452, at *11 (N.D. Cal. Apr. 10, 2013)(dismissing FCRA claims based on delinquencies reported after filing, but pre-discharge of a chapter 7 bankruptcy); *Harrold v. Experian Info. Sols., Inc.*, No. 12-02987, 2012 WL 4097708, at *4 (N.D. Cal. Sept. 17, 2012) (stating "reports of delinquencies in payment while bankruptcy proceeding are still ongoing is not 'incomplete or inaccurate' information.").

These decisions make sense. A bankruptcy discharge "operates as an injunction" against further efforts of creditors to collect the discharged debt. *See* 11. U.S.C. § 524(a). The discharge does not extinguish the debt itself, rather as the Supreme Court has explained, "a bankruptcy discharge extinguishes only one mode of enforcing a claim-namely, an action against the debtor *in personam*-while leaving intact another –namely, an action against the debtor *in rem*." *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). Courts have repeatedly held that "reporting on a debt that still exists . . . is not itself a violation of the discharge injunction . . . ." *Connor* at 5 (attached as Exhibit 2), *see also In re Irby*, 337 B.R. 293, 295 (Bankr. N.D. Ohio 2005) (explaining that reporting a discharged debt is not inaccurate because "[a]ll that is being reported is the truth"); *see also In re Vogt*, 257 B.R. 65, 70 (Bankr. D. Colo. 2000)( explaining that a

13

creditor was not in error to report a discharged debt as due and owing because the discharge does not "wipe away the debt").

Put simply, there is no basis in fact or law that Experian's reporting of the Citi account was inaccurate. There is no post-discharge information being reported and Plaintiff's discharge does not render the pre-discharge reporting inaccurate either. It is historical fact that Plaintiff defaulted on her mortgage, was past-due as reported, and Citi foreclosed as reported. Plaintiff's bankruptcy discharge is the first entry on her own exhibit. Without any inaccuracy, Plaintiff has no claim against Experian. Accordingly, her Complaint against Experian must be dismissed under Rule 12(b)(6), and because Plaintiff cannot amend the Complaint consistent with Federal Rule of Civil Procedure 11, the dismissal should be with prejudice.

## II. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO PLAUSIBLY ALLEGE ANY DISCLOSURE TO A THIRD PARTY.

As the Seventh Circuit has explained, Experian's liability under § 1681(i) requires disclosure to a third party: "where there is no evidence of disclosure to a third party, the plaintiff cannot establish the existence of a consumer report. Without such a report, there could be no duty to follow reasonable procedures regarding the report, nor could damages flow from a breach of that duty." *Wantz v. Experian Info. Sols.*, 386 F.3d 829, 834 (7th Cir. 2004) (*abrogated on other grounds by Safeco*, 551 U.S. 47). This is because "a consumer is not injured by an inaccurate credit report unless that false information is communicated to and acted upon by a third-party user." *Renninger v. ChexSystems*, No. 98-cv-0669, 1998 WL 295497, at *6 (N.D. Ill. May 22, 1998).

Here, Plaintiff does not plausibly allege that that Experian furnished a consumer report with the disputed information to a third party. Put another way, Plaintiff does not allege any disclosure to a third party. The only allegations which suggest Plaintiff's credit report was

disclosed to a third party are vacuous allegations that her attempts to obtain new credit have been "thwarted" and that she has suffered "various types of damages." (Compl. ¶¶ 51, 116.) The latter allegation is simply a formulaic recitation, as evidenced by the fact that Plaintiff repeats it verbatim three times in the Complaint. (*See* Compl. ¶¶ 53, 100, 116.) *See Connor*, at 6 (attached as Ex. 2) (dismissing FCRA claim where plaintiff had failed to allege "facts linking the alleged harms to the inaccurate reporting" despite plaintif's allegation of "various types of harm"). It is asking very little of Plaintiff that she identify even a single time that Experian provided the disputed information to a third-party who acted upon that information.

## CONCLUSION

For all of these reasons, Experian respectfully requests that this Court grant Experian's Motion to Dismiss, and accordingly dismiss Plaintiff's Complaint against Experian in its entirety with prejudice.

Dated: March 24, 2016          Respectfully submitted,

/s/ *Christopher A. Hall*
Christopher A. Hall
chall@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL 60601.1692
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585

*Counsel for Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2016, I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS THE COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ *Christopher A. Hall*
*Counsel for Experian Information Solutions, Inc.*