MT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN HUPFAUER,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A., EQUIFAX INFORMATION SERVICES, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | No. 16 C 475<br><br>Chief Judge Rubén Castillo |

## MEMORANDUM OPINION AND ORDER

Kathleen Hupfauer ("Plaintiff") brings this action against CitiBank, N.A. ("Citi"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian") (collectively, "Defendants"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. (R. 1, Compl.) Presently before the Court is Experian's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 37, Mot. at 1.) For the reasons stated below, Experian's motion is granted.

### BACKGROUND

On October 20, 2003, Plaintiff secured a mortgage loan from Citi for the purchase of a property in Steger, Illinois. (R. 1, Compl. ¶ 13.) Plaintiff subsequently defaulted on the mortgage. (*Id.* ¶ 14.) On October 29, 2013, Plaintiff filed a Chapter 13 bankruptcy petition in the Bankruptcy Court for the Northern District of Illinois. (*Id.* ¶ 15.) The next day, Plaintiff filed her original Chapter 13 Plan, proposing the surrender of the property to satisfy Citi's claim. (*Id.* ¶¶ 18-19.) Defendants Experian and Equifax were served with notice of the filing. (*Id.* ¶ 18.)

On January 30, 2014, the Bankruptcy Court granted Citi's motion for relief from the automatic stay in Plaintiff's bankruptcy case, allowing it to proceed with the foreclosure of Plaintiff's property. (*Id.* ¶ 23.) The same day, the Bankruptcy Court also confirmed Plaintiff's original Chapter 13 Plan. (*Id.* ¶ 24.) On December 16, 2014, the Bankruptcy Court entered an order of discharge in Plaintiff's case, discharging all debts including the Citi mortgage. (*Id.* ¶ 25.) On March 9, 2015, Plaintiff's bankruptcy case was closed. (*Id.* ¶ 29.)

Concurrently, on April 18, 2014, Citi initiated foreclosure proceedings against Plaintiff's property in the Circuit Court of Cook County.[1] *See* Complaint, *Citimortgage v. Hupfauer*, No. 14-CH-006738 (Ill. Cir. Ct. Ch. Div. Apr. 18, 2014). Citi obtained a judgment of foreclosure against the property from the Circuit Court on August 5, 2014, *see* Judgment for Foreclosure and Sale, *Citimortgage v. Hupfauer*, No. 14-CH-006738 (Ill. Cir. Ct. Ch. Div. Aug. 5, 2014), and a judicial sale took place on December 1, 2014, *see* Certificate of Sale, *Citimortgage v. Hupfauer*, No. 14-CH-006738 (Ill. Cir. Ct. Ch. Div. Jan. 6, 2015).

Sometime after Plaintiff's bankruptcy discharge, Plaintiff pulled her Experian credit report, which she alleges did not reflect the discharged status of the Citi mortgage. (R. 1, Compl. ¶ 32.) Specifically, Plaintiff alleges that the credit report was inaccurate because it listed a $988 monthly payment on the Citi account following her discharge, (*id.* ¶ 24), and designated the mortgage as in foreclosure without reflecting the discharge, (*id.* ¶ 25).[2]

---

[1] Plaintiff's complaint does not contain any allegations regarding the foreclosure proceedings in the Circuit Court of Cook County, but this Court may take judicial notice of matters of public record, including court decisions, when considering a motion to dismiss. *See White v. Keely*, 814 F.3d 883, 885 n.2 (7th Cir. 2016) ("We may take judicial notice of public records, including public court documents, in ruling on a motion to dismiss under Rule 12(b)(6).").

[2] Plaintiff's complaint also alleges that the credit report was inaccurate because it stated that the Citi account was included in a wage earner plan. (R. 1, Compl. ¶ 32.) Plaintiff abandons this allegation in her response to Experian's motion to dismiss. (R. 42, Resp. at 6 n.1.)

2

On February 3, 2015, Plaintiff sent a dispute letter to Experian, requesting that her credit file be updated to reflect the zero balance and discharged status of all accounts discharged in her Chapter 13 bankruptcy. (*Id.* ¶ 45.) Plaintiff attached supporting bankruptcy documents to the dispute letter, including her bankruptcy schedules, confirmed Chapter 13 Plan, and discharge order. (*Id.* ¶ 45.) On May 26, 2015, Experian responded to Plaintiff's request by sending Plaintiff an "investigation report." (*Id.* ¶ 48.) Plaintiff alleges that the investigation report still contained inaccurate information. (*Id.*) The report listed Plaintiff's Citi account as 150 days past due in February 2014 and 180 days past due in March 2014. (*Id.* ¶¶ 48, 100.) The account was also listed as in foreclosure rather than as included and discharged in bankruptcy. (*Id.* ¶ 49.)

Plaintiff filed this action under the FCRA on January 13, 2016. (R. 1, Compl.) Plaintiff claims that Experian violated the FCRA by preparing inaccurate credit reports that did not reflect Plaintiff's bankruptcy discharge, (*id.* ¶ 100), and by failing to conduct a reasonable investigation that resulted in correcting the disputed information on Plaintiff's credit file in response to Plaintiff's request, (*id.* ¶ 102). Plaintiff further alleges that a simple review of the documents she submitted to Experian would have confirmed that she "had filed bankruptcy, no longer owed a balance, no longer had a scheduled payment amount, and was not in default on the subject loan." (*Id.* ¶ 101.) Plaintiff contends that Experian therefore "willfully" continued to include inaccurate information in Plaintiff's credit report. (*Id.* ¶ 104.) Further, Plaintiff asserts that she has suffered substantial damages resulting from Experian's actions, including damages to her credit, time and money spent meeting with attorneys and monitoring her credit file, and emotional pain and suffering as a result of credit denials. (*Id.* ¶ 116.)

Experian filed the present Rule 12(b)(6) motion to dismiss Plaintiff's FCRA claims against it on March 24, 2016. (R. 37, Mot. at 1.) Experian contends that Plaintiff's FCRA claims

3

fail under Rule 12(b)(6) because Plaintiff does not allege that Experian included any actually inaccurate information in her credit reports.[3] (R. 39, Mem. at 2.) On April 27, 2016, Plaintiff filed her response, (R. 42, Resp.), and Experian filed its reply on May 11, 2016, (R. 43, Reply.).

## LEGAL STANDARD

"A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) (alterations and citation omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under this standard, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Kubiak v. City of Chi.*, 810 F.3d 476, 480-81 (7th Cir. 2016). However, the Court "need not accept as true any legal assertions or recital of the elements of a cause of action supported by mere conclusory statements." *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014) (citation and internal quotation marks omitted).

In deciding a Rule 12(b)(6) motion, the Court may consider the complaint itself, as well as "documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v.*

---

[3] Experian also argues in its motion to dismiss that Plaintiff has failed to allege that her credit report was provided to third parties as is required to establish liability under the FCRA. (R. 39, Mem. at 14-15 (quoting *Wantz v. Experian Info. Sols.*, 386 F.3d 829, 834 (7th Cir. 2004) (explaining that liability under Section 1681e(b) and Section 1681i requires disclosure of "damaging" information)).) The Court finds that Plaintiff's allegations that she was denied credit as a result of Experian's actions, (R. 1, Compl. ¶ 116), are enough to satisfy the federal notice-pleading standard. *See Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013).

4

*Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citation omitted). Courts may take judicial notice of public court records without converting the motion to dismiss into a motion for summary judgment. *See White*, 814 F.3d at 885 n.2.

## ANALYSIS

Plaintiff alleges that Experian willfully and recklessly failed to comply with two provisions of the FCRA: Section 1681e(b), which requires credit reporting agencies to follow reasonable procedures to assure maximum possible accuracy of credit reports, (*see* R. 1, Compl. ¶ 100), and Section 1681i(a), which requires them to conduct a proper and reasonable reinvestigation of allegedly inaccurate information included in credit reports, (*see id.* ¶¶ 102, 105-08, 114). Experian's alleged violations of Section 1681e(b) arise from Plaintiff's original credit report, (*see id.* ¶¶ 32-35), while its alleged violations of Section 1681i(a) arise from the investigation report Experian prepared for Plaintiff in response to her request for reinvestigation, (*see id.* ¶¶ 48-49).

In order to state a claim under either Section 1681e(b) or Section 1681i(a), Plaintiff must allege that: "(1) inaccurate information was included in [her] consumer credit reports; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) [she] suffered injury; and (4) the injury was caused by the inclusion of the inaccurate entry." *Moline v. Experian Info. Sols., Inc.*, 289 F. Supp. 2d 956, 958 (N.D. Ill. 2003) (citation omitted); *see also Johnson v. Trans Union, LLC*, 524 F. App'x 268, 270 (7th Cir. 2013) (holding that a plaintiff must show "that something in his credit report was inaccurate, or at least misleading, to show that the defendant's procedures were unreasonable under 15 U.S.C. § 1681e(b) or that the defendants failed to reasonably reinvestigate under 15 U.S.C. § 1681i" (citations and internal quotations omitted)). Because Plaintiff fails to sufficiently

allege that her credit report or investigation report contained any inaccurate information, as explained below, her claim fails on the first prong. As both Plaintiff's Section 1681e(b) claim and her Section 1681i(a) claim share the same inaccuracy requirement, the Court will consider the alleged inaccuracies in both reports together.

**I.      Experian's Reports Did Not Include Inaccurate Information.**

In her complaint, Plaintiff claims that the credit report inaccurately listed a $988 monthly payment on the Citi account following Plaintiff's bankruptcy discharge and designated the account as in foreclosure rather than as discharged in bankruptcy. (R. 1, Compl. ¶¶ 34-35.) However, on the credit report that Plaintiff attached as an exhibit to the complaint, the Experian column is blank and shows no monthly payment information. (*See* R. 1-10, Compl. Ex. J at 5.) "When an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). Because Plaintiff has not attempted to "contradict the apparent meaning or significance" of the exhibit, the exhibit controls and Plaintiff fails to allege that Experian inaccurately listed a monthly payment on the Citi account after Plaintiff's bankruptcy discharge on her original credit report.[4] *Bogie*, 705 F.3d at 609.

Plaintiff also alleges in the complaint that the investigation report listed the Citi account as 150 days past due in February 2014 and 180 days past due in March 2014. (R. 1, Compl. ¶¶ 48, 100; *see also* R. 1-17, Compl. Ex. Q at 3.) The account was listed as subject to foreclosure proceedings starting in April 2014, and as foreclosed as of December 2014. (*See* R. 1-17, Compl. Ex. Q at 3.) No payment history, account balance, or scheduled payment appeared on the report after the December 2014 discharge date. (*See id.*) Nonetheless, Plaintiff alleges that inclusion of

---

[4] Experian's reinvestigation report does list a $988 monthly payment on the Citi account following her bankruptcy *filing*, but not following her bankruptcy *discharge*. (*See* R. 1-17, Compl. Ex. Q at 3.) The accuracy of reporting post-filing monthly payments is discussed in detail below.

6

these facts rendered the report inaccurate as "in fact she had received a bankruptcy discharge and was not obligated to make monthly payments in relation to the subject loan." (R. 1, Compl. ¶ 100.)

Based on Plaintiff's complaint and court records, the Court concludes that Experian's reporting was factually accurate. First, Plaintiff clearly did not make any payments on the Citi account within 150 or 180 days of February or March 2014. Plaintiff states that she defaulted on her mortgage by October 2013, (*see* R. 1, Compl. ¶ 14), and the filings in Citi's foreclosure case indicate that she had not made a mortgage payment since at least October 1, 2013, *see* Complaint at 2, *Citimortgage v. Hupfauer*, No. 14-CH-006738 (Ill. Cir. Ct. Ch. Div. Apr. 18, 2014). Second, Plaintiff's mortgage was foreclosed prior to her bankruptcy discharge on December 16, 2014. The filings in Citi's foreclosure case demonstrate that Citi filed suit to foreclose on the property on April 18, 2014. *Id.* at 1. A judgment of foreclosure was entered on August 5, 2014. *See* Judgment for Foreclosure and Sale, *Citimortgage v. Hupfauer*, No. 14-CH-006738 (Ill. Cir. Ct. Ch. Div. Aug. 5, 2014). Finally, a judicial sale of the property was held on December 1, 2014. *See* Certificate of Sale, *Citimortgage v. Hupfauer*, No. 14-CH-006738 (Ill. Cir. Ct. Ch. Div. Jan. 6, 2015). Therefore, Experian's report that the Citi account was past due in February and March 2014, in foreclosure beginning in April 2014, and foreclosed in December 2014 was factually accurate. Despite her allegation that she had already received a bankruptcy discharge and was under no payment obligation, her discharge was not ordered until December 2014, after the period covered by these allegedly inaccurate reports.

In her response, Plaintiff shifts her approach and argues that "Experian focuses on post-discharge reporting, and merely glosses over its inaccurate post-*filing* reporting of Plaintiff's scheduled payment amount and balance on the Citi account." (R. 42, Resp. at 6.) Although

7

Experian reported no balance on the Citi account later than October 2014, Plaintiff contends that its reporting of a balance due and monthly payment for any month following the confirmation of her bankruptcy plan was inaccurate. (*Id.*) As she notes, her confirmed bankruptcy plan provided for the surrender of the home to Citi in full satisfaction of its claims. (*Id.*) Thus, she argues, "Plaintiff's confirmed Chapter 13 Plan became the operative instrument for Plaintiff's relationship with Citi" and her "monetary payment obligation to Citi pursuant to Plaintiff's Chapter 13 Plan was $0." (*Id.* at 6-7.)

Plaintiff's argument does not accord with general bankruptcy principles regarding when a debtor's personal liability on a debt is extinguished. *See Tenn. Student Assist. Corp. v. Hood*, 541 U.S. 440, 447 (2004) ("The discharge order releases a debtor from personal liability with respect to any discharged debt by voiding any past or future judgments on the debt and by operating as an injunction to prohibit creditors from attempting to collect or to recover the debt."); *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) (explaining the distinction between *in personam* and *in rem* liability and noting that a bankruptcy discharge extinguishes personal liability only). Nor would it be appropriate to require Citi to try to determine the legal status of Plaintiff's debt based on the specific language of her Chapter 13 plan. *See DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008) (holding that plaintiff failed to allege factual inaccuracy in his credit report because the legal status of his mortgage was a "legal issue that a credit agency . . . is neither qualified nor obligated to resolve under the FCRA"); *Johnson v. Trans Union, LLC*, No. 10 C 6960, 2012 WL 983793, at *7 (N.D. Ill. Mar. 22, 2012), *aff'd*, 524 F. App'x 268 (7th Cir. 2013) (observing that FCRA litigation is "not the appropriate way" to resolve a dispute over the legal status of a debt). Notably, Plaintiff alleges in her complaint that her personal liability on the debt to Citi was extinguished not when the Chapter 13 plan was confirmed, but when the discharge

8

order was issued. (R. 1, Compl. ¶ 25.) Thus, the Court is unpersuaded by her argument and finds that Experian's reporting of a balance and monthly payment prior to Plaintiff's December 2014 discharge was not inaccurate.[5]

Plaintiff also fails to sufficiently allege that Experian's designation of the account as in foreclosure rather than as discharged in bankruptcy was inaccurate. As a preliminary matter, the Court finds that the underlying real property was indisputably foreclosed upon. As set forth in public records, an order of foreclosure was entered on August 5, 2014. *Citimortgage v. Hupfauer*, No. 14-CH-006738 (Ill. Cir. Ct. Ch. Div. Apr. 18, 2014). To the extent that Plaintiff alleges that her mortgage was not foreclosed upon, her allegations are contrary to established facts as set forth in the public record.

Plaintiff argues further that, by failing to explicitly note that the Citi account was discharged in the bankruptcy within the Citi trade line, Experian reported inaccurate or incomplete information. (R. 42, Resp. at 4.) Experian contends that its reporting of the Citi account was factually accurate. (R. 39, Mem. at 10.) Section 1681c of the FCRA allows bankruptcy cases to be reported for 10 years and allows accounts that are delinquent or that have been placed for collection to be reported for seven years. 15 U.S.C. § 1681c(a)(4)-(5). Experian points to a report published by the Federal Trade Commission ("FTC") interpreting these

---

[5] Plaintiff cites several cases to support her position, but none are persuasive. (R. 42, Resp. at 6-7.) Although *In re Calzadilla*, 534 B.R. 216, 219 (Bankr. S.D. Fla. 2015), establishes that "in a bankruptcy context, the term 'surrender' means that debtors cannot thereafter take any overt action to defend or impede the foreclosure," this says nothing about whether the underlying debt has been extinguished, and in fact suggests that it has not as it may still be foreclosed upon. *Ananthapadmanabhan v. BSI Financial Services*, No. 15 C 5412, 2015 WL 8780579, at *2 (N.D. Ill. Dec. 15, 2015), only concerns whether a debt is in default for the purposes of a defining a debt collector under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6)(F)(iii). *In re Endicott*, 157 B.R. 255 (Bankr. W.D. Va. 1993), suggests that bankruptcy plans may adapt the payment terms of a debt, but does not go so far as to state that they can wholly extinguish the debt. Plaintiff's argument that Experian's reporting deviated from guidelines set by the Consumer Data Industry Association is beside the point, as these guidelines do not establish the standards for accuracy under the FCRA and cannot form the basis for FCRA liability. *See, e.g., Mortimer v. Bank of Am., N.A.*, No. 12-cv-01959, 2013 WL 1501452, at *12 (N.D. Cal. Apr. 10, 2013) (explaining that failure to comply with the guidelines "does not render the report incorrect").

9

provisions and reaffirming that the reporting of a delinquent account, "even if discharged in bankruptcy, may be reported separately for the applicable seven year period, while the existence of the bankruptcy filing may be reported for ten years." FED. TRADE COMM'N, 40 YEARS OF EXPERIENCE WITH THE FAIR CREDIT REPORTING ACT 55-56 (July 2011), *available at* https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf. The report also opines that "[a] consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance to reflect the fact that the consumer is no longer liable for the discharged debt." *Id.* at 68.

This Court, in another case, recently addressed whether merely reporting a zero balance after a bankruptcy discharge was sufficient to avoid inaccurate reporting under the FCRA. *See Freedom v. Citifinancial, LLC*, No. 15 C 10135, 2016 WL 4060510 (N.D. Ill. July 25, 2016). By itself, it is not. In *Freedom*, this Court found that Chase had reported a "scheduled payment" amount on the plaintiff's credit report even after discharge, although it also listed his balance amount as zero. *Id.* at *6. Because the FTC report "does not address whether reporting *additional information* would also be proper under the FCRA," the Court concluded that the plaintiff sufficiently alleged an inaccuracy despite the reported balance of zero. *Id.*

Because Experian did not report any additional information suggesting that the Citi account was still past due, however, the facts at issue here are more similar to those in *Connor v. JP Morgan Chase Bank*, No. 15-cv-8601 (N.D. Ill. Mar. 22, 2016). In *Connor*, the court dismissed the plaintiff's FCRA claim because he failed to allege that that his credit report contained inaccurate information, as opposed to historically accurate pre-discharge information. *Id.*, slip op. at 3. The court found that, by reporting the plaintiff's bankruptcy discharge on the

10

first page of the credit report and making it clear in the body of the report that both the balance amount and the amount past due on the account were $0, the defendant met the requirements imposed by the FCRA regardless of the fact that the account itself was not listed as discharged. *Id.* In the present case, as in *Connor*, the first page of the investigation report makes note of Plaintiff's bankruptcy discharge, (*see* R. 1-17, Compl. Ex. Q at 2), and the body of the report makes it clear that both the balance amount and the amount past due on the Citi account are $0, as there is no recent balance reported and the account is listed as foreclosed, (*see id.* at 3). The initial credit report also shows no balance amount or monthly payment for the Citi account and indicates that it is in foreclosure. (*See* R. 1-10, Compl. Ex. J at 5.) On the same page as the account, the report also references Plaintiff's Chapter 13 bankruptcy. (*See id.*) As in *Connor*, the Court finds that a mere failure to indicate that the Citi account was discharged in its trade line, when the fact of a discharge is included on the first page of a credit report, does not constitute inaccurate reporting in the absence of any other inaccurate information. Accordingly, Plaintiff fails to sufficiently allege that Experian included inaccurate information in her Experian credit report.[6]

## II. Experian's Reports Did Not Include Actionably Misleading Information.

Even if the credit reports were not technically inaccurate, Plaintiff argues that they violate the FCRA by presenting misleading information. (R. 42, Resp. at 3-4.) While the U.S. Court of Appeals for the Seventh Circuit has yet to decide whether a defendant can be held liable under the FCRA for a technically accurate but misleading report, the weight of authority from other

---

[6] Plaintiff has also submitted as supplemental authority *Radney v. Bayview Loan Servicing, LLC*, No. 15 CV 09380 (N.D. Ill. June 30, 2016), a recent case from this District. (R. 49-1, Pl.'s Mot. for Leave.) In relevant part, *Radney* denied a motion to dismiss where the plaintiff alleged that "the Account History section of the [credit] report shows post-discharge balances and scheduled monthly payments." (*Id.* at 6.) Because the reports in this case do not show any such post-discharge balances or scheduled payment amounts, *Radney* is not on point.

circuits indicates that they can. *See, e.g., Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998); *Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 40 (D.C. Cir. 1984); *see also Freedom*, 2016 WL 4060510, at *6; *Taylor v. Screening Reports, Inc.*, No. 13 C 02886, 2015 WL 4052824, at *3 (N.D. Ill. July 2, 2015). It is in keeping with the FCRA's concern for fairness to consumers for a defendant to be held liable for a technically accurate but misleading report. *Taylor*, 2015 WL 4052824, at *4.

Under this line of cases, a credit report may be actionable under the FCRA if the information reported is misleading in such a way and to such an extent that it can be expected to have an adverse effect. *Dalton*, 257 F.3d at 415. A mere "failure to explain the significance" of otherwise accurate information "is not sufficient to make a report inaccurate." *Taylor*, 2015 WL 4052824, at *5. In many cases where courts have found misleading credit reports to be actionable under the FCRA, the reports failed to disclose ongoing disputes or negotiations regarding certain items in the report. *See, e.g., Sutherland v. Urban P'ship Bank*, No. 11 CV 03455, 2012 WL 567787, at *4 (N.D. Ill. Feb. 21, 2012) (finding a misleading report to be actionable under the FCRA where the defendant failed to mention ongoing negotiations to modify terms of reported loans); *Shames-Yeakel v. Citizens Fin. Bank*, 677 F. Supp. 2d 994, 1005 (N.D. Ill. 2009) (finding a misleading report to be actionable under the FCRA where the defendant reported a debt arising from a theft but failed to note its disputed nature).

The Court finds that Plaintiff has not alleged that Experian's credit reports were sufficiently misleading so as to violate the FCRA. Neither the initial credit report nor the investigation report is misleading in the way that the courts in *Sutherland* and *Shames-Yeakel* found actionable under the FCRA. There is no ongoing dispute or negotiation as to the status of

Plaintiff's bankruptcy that gives rise to an obligation on Experian's part to note such a dispute. Both the initial credit report and the investigation report note Plaintiff's Chapter 13 bankruptcy, accurately reflect the status of the Citi account prior to the bankruptcy discharge, and accurately reflect the fact that there was no payment due after the bankruptcy discharge. (*See* R. 1-17, Compl. Ex. Q at 2-3; R. 1-10, Compl. Ex. J at 5.) Other courts have found that "accurate reporting, after discharge, of debts that were delinquent during the pendency of a bankruptcy action" was neither inaccurate nor misleading. *Mortimer v. Bank of America, N.A.*, No. C-12-01959 JCS, 2013 WL 57856, at *6 (N.D. Cal. Jan. 3, 2013). Even by the standards of those cases recognizing an FCRA cause of action for misleading reports, Experian's credit reports are not sufficiently misleading to create FCRA liability.

Plaintiff argues that reporting only the foreclosure of the Citi account without also noting the bankruptcy discharge of that particular account is misleadingly incomplete, and that a blanket acknowledgement of a bankruptcy discharge is not sufficient because of the possibility that a bankruptcy discharge may not apply to a particular debt. (R. 42, Resp. at 4.) However, even leaving aside Plaintiff's bankruptcy discharge, it is unclear how reporting an account with a zero balance and no payment due, as Experian did here, would have any adverse effect on Plaintiff. At most, Experian's failure to note the discharge of the Citi account in particular amounts to what the court in *Taylor* called a "failure to explain the significance" of otherwise accurate information and found insufficient to render a credit report actionably misleading. *Taylor*, 2015 WL 4052824, at *5.

Further, requiring a third party such as a credit bureau to determine whether a specific account was discharged in a particular consumer's Chapter 13 bankruptcy would impose an unfairly heavy burden on that party. *See generally Childress v. Experian Info. Sols., Inc.*, 790

F.3d 745, 747 (7th Cir. 2015). Plaintiff's discharge order does not specify which particular debts were discharged, and even states that the reader "may want to consult an attorney to determine the exact effect of the discharge in this case." (*See* R. 1-8, Compl. Ex. H at 3.) Plaintiff aptly notes that "[t]he only practical means to [determine whether a particular debt is discharged] is by searching a consumer's actual bankruptcy court file and scouring all the filings," requiring the third party to "consult with an attorney to determine whether a certain account may fall into one of the many exceptions to discharge as set forth in 11 U.S.C. § 1328." (R. 42, Resp. at 4-5.) This is precisely the kind of legal question that credit reporting agencies are neither qualified nor obligated to answer. *DeAndrade*, 523 F.3d at 68. This Court declines to impose such a burden on credit reporting agencies and thus finds that Experian's blanket acknowledgment of Plaintiff's bankruptcy, when coupled with its report that no balance or payments were due on the Citi account, was sufficient under the FCRA. Because Plaintiff has failed to allege any inaccuracies or misleading information on either of her reports, the Court finds that she has failed to state a viable FCRA claim.

## CONCLUSION

For the foregoing reasons, Experian's motion to dismiss Count III (R. 37) is GRANTED.

ENTERED:

Chief Judge Rubén Castillo
United States District Court

Dated: August 19, 2016

14